IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREG M. REYNOLDS,

        Plaintiff,

v.

VERIZON WIRELESS, LLC, and
JOHN G. STRATTON,

        Defendant.

3:16-cv-02313-BR

ORDER

**BROWN, Judge.**

    This matter comes before the Court on Motion (#25) for Disqualification of Counsel, Motion (#26) for Immediate Injunctive Relief, and Motion (#27) for Subpoenas.

    On December 9, 2016, Plaintiff filed a Complaint in this Court. On December 9, 2016, Plaintiff also filed a Motion (#3) for Immediate Injunctive Relief and asked the Court to "remove information from his credit report." The Court advised Plaintiff that the record did not support the Court taking action on the

1 - ORDER

Motion for Immediate Injunctive Relief until, at least, counsel appeared for Defendants.

Defense counsel has now appeared. On March 14, 2017, Defendants filed a Motion (#21) to Dismiss Plaintiff's Complaint for failure to state a claim. On March 23, 2017, Plaintiff filed a Response (#24) to the Motion to Dismiss. Defendants' reply in support of their Motion is due April 21, 2017, and the Court will take the Motion to Dismiss under advisement on that date.

On March 24, 2017, Plaintiff also filed a second Motion (#26) for Immediate Injunctive Relief. The Court will hold both of Plaintiff's Motions (#3,#26) for Immediate Injunctive Relief in abeyance pending resolution of Defendants' Motion to Dismiss. If the Court denies Defendants' Motion to Dismiss, the Court will set a briefing schedule regarding Plaintiff's Motions for Injunctive Relief.

Finally, on March 24, 2017, Plaintiff filed a Motion (#25) for Disqualification of Counsel and a Motion (#27) for Subpoenas. In the Motion for Disqualification of Counsel Plaintiff seeks to disqualify Darrel W. Clark as counsel for Defendants. Clark does not appear to be a member of the Oregon State Bar or admitted to practice before this Court, and he has not requested *pro hac vice* admission to this Court pursuant to Local Rule 83-3. As a result, Clark does not represent Defendants in this Court at this time. Accordingly, the Court denies Plaintiff's Motion for

Disqualification as moot. If Clark wishes to appear in this action, he must seek admission as required by the Local Rules of this Court.

In his Motion (#27) for Subpoenas Plaintiff seeks to compel various entities to provide Plaintiff with information regarding his credit report. Those entities are not named parties in this action and do not appear to have been previously served with any subpoenas.

Federal Rule of Civil Procedure 45 sets forth the procedures to obtain and to serve a subpoena on a nonparty for the purpose of obtaining information from such a person. The form of subpoena can be obtained from and issued by the Clerk of Court at Plaintiff's request. After the subpoena has been properly issued and served on the nonparty, Plaintiff may seek a court order to compel compliance if the subpoenaed party does not comply with the subpoena.

At present, therefore, the Court does not have the authority to compel the third parties to provide information to Plaintiff, and, as a result, the Court denies Plaintiff's Motion for Subpoenas with leave to renew after Plaintiff satisfies the requirements of Rule 45.

In summary, the Court:

    1. **DENIES as moot** Plaintiff's Motion (#25) for Disqualification of Counsel;

2. **DENIES** Plaintiff's Motion (#27) for Subpoenas with leave to renew;

3. Takes Defendants' Motion (#21) to Dismiss **UNDER ADVISEMENT** on April 21, 2017; and

4. Holds in **ABEYANCE** Plaintiff's Motions (#3, #26) for Immediate Injunctive Relief.

IT IS SO ORDERED.

DATED this 31st day of March, 2017.

_____
ANNA J. BROWN
United States District Judge